**Thomas R. WELCH,
Plaintiff/Respondent,**

v.

**BURLINGTON NORTHERN
RAILROAD COMPANY,
Defendant/Appellant.**

No. 58406.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 23, 1991.

Paul M. Brown, Wendy Wiedemann Hudson, Anna K. Mandle, Robert Mills, Coburn, Croft & Putzell, St. Louis, for defendant/appellant.

Charles M. Friedman, Chris G. Echsner, Private Attys., St. Louis, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendant railroad appeals from a judgment arising under the Federal Employers' Liability Act, 45 U.S.C. § 51. The jury awarded plaintiff damages of $150,000. We affirm.

Plaintiff is a diesel electrician employed by defendant. He had been employed by the railroad for six years at the time of the injury and was 26 years of age. On April 19, 1980, he received a severe electrical shock when he placed his right hand on a metal angle iron that was electrified. The electrical current passed through his right hand across his back and neck and out through his left hand which was in contact with a grounded metal bar. The voltage level was in dispute as was the length of time plaintiff was electrocuted. After the power was turned off plaintiff dropped to the catwalk semi-conscious. He sustained second and third degree burns to his right hand which were treated in the emergency room. He was not admitted into the hospital. He returned to work on May 5, 1980, thus missing eleven days of work. The burns on his hand healed quickly, leaving small scars. Between the time of the electrocution, however, and the date of trial in 1990, plaintiff has complained of continuous pain and cramping of the muscles of the neck and upper back. He has been examined by numerous physicians and has received prescriptions for a wide variety of analgesics, muscle relaxants, and anti-inflammatory drugs.

At trial four physicians testified for the plaintiff. Dr. Hellam, an internist whose subspecialty is cardiology, has been treating plaintiff since the time of the injury to the present and is his primary care physician. As such he has been responsible for referring plaintiff to several of the specialists he has seen. He testified by deposition that in his opinion plaintiff's pain and symptoms were real and that he expected plaintiff's pain to be "ongoing".

Dr. Hellam referred plaintiff to Dr. Shealy who treated plaintiff from 1982 until at least the date of trial. Dr. Shealy, who holds both a degree in medicine and a Ph.D. in psychology, is one of the pioneers in the specialty of the treatment of chronic pain. At his clinic in Springfield, Missouri, he uses both traditional medical methods of treatment, such as drugs and physical ther-

apy, and methods such as biofeedback and self-hypnosis. He diagnosed plaintiff as having myofascial trigger syndrome in which scarring of the muscle fascia causes irritation in the nerve endings and chronic pain. It was his opinion that the injury he described had been caused by the electrocution and that "[b]eyond any reasonable doubt his pain is permanent." In addition, he stated that the usual course for this type of injury led him to predict that plaintiff's pain would get worse as he got older and that he would need a variety of therapies including special injections and prescriptions for analgesics "for the rest of his life."

Dr. Levy, a general surgeon, had been retained to examine plaintiff in preparation for trial. He saw the plaintiff twice, in 1984 and again in 1989. He testified by deposition. It was his opinion that plaintiff had suffered a "permanent partial disability due to the soft tissue problems."

The defense contended that plaintiff's complaints of pain were essentially the only evidence of his injury and that no objective evidence had been presented to prove that he had suffered any physical damage. The jury awarded plaintiff $150,000. This appeal followed.

■ Defendant first contends that the trial court erred in denying its motion for a new trial because the "willful, repeated and highly prejudicial misconduct on the part of plaintiff and his attorney at trial" denied defendant a fair trial. Defendant refers to three separate types of "misconduct": use of the "Golden Rule" argument, references to plaintiff's family during his testimony and during plaintiff's counsel's closing argument, and the statement to the jury that the jury should not penalize plaintiff and that all doubts should be resolved in plaintiff's favor.

First we note that defendant made timely objections to all of these arguments. His objections were sustained and in several instances the court, on its own, instructed the jury to disregard the comment. Defense counsel did not request a mistrial. The allegation that the statements by plaintiff's counsel were prejudicial first appears in defendant's motion for a new trial.

It has long been the general rule that when no objection is made to improper argument it is not a matter subject to review on appeal. The theory is that the erroneous feature thereof is waived. [citations omitted] ... it also has repeatedly been held that when the trial court sustains an objection to improper argument and no further remedial action is requested, no error is preserved for appellate review. [citations omitted] *Olsten v. Susman*, 391 S.W.2d 328, 330 (Mo.1965).

*See also Vaughn v. Michelin Tire Corp.*, 756 S.W.2d 548, 561 (Mo.App.1988). By its failure to request a mistrial at the time of the alleged impropriety defendant implicitly decided that the argument complained of was not so grievous as to require drastic action.

■ Defendant's last two points both allege that the verdict of the jury was excessive. Defendant suggests that the verdict was excessive either because of mistake or because of bias, passion and prejudice created by plaintiff's improper argument.

Defendant engages in an extensive review of the evidence and offers this as support for its contention that the verdict is against the weight of the evidence. It is not the province of the appellate court to pass judgment on the weight of the evidence. *Veach v. Chicago and North Western Transportation Co.*, 719 S.W.2d 767, 769 (Mo. banc 1986). In reviewing an allegedly excessive verdict, we consider only evidence which supports the verdict, not that which disaffirms it. *Brotherton v. Burlington Northern Railroad*, 672 S.W.2d 133, 138 (Mo.App.1984).

Our review of the argument convinces us that taken either selectively or collectively these alleged errors are not sufficient to support defendant's claim of bias. In addition it is important to note that plaintiff's counsel, during his closing argument, had requested $550,000. The jury returned with a verdict for the far lesser amount of $150,000.

It is primarily the function of the jury to fix the amount of damages and in overruling a motion for new trial a trial court approves the amount of the verdict. [citations omitted] The jury's determination of damages should not be disturbed unless the amount is so grossly excessive that it shocks the conscience of the court. *Gardner v. Reynolds*, 775 S.W.2d 173, 175 (Mo.App.1989).

We cannot say that such is the case in the present cause of action. There was no dispute that plaintiff sustained injuries. Defendant in his opening statement admitted liability. While there was disagreement as to the severity of the plaintiff's injury, there was substantial evidence supporting the verdict.

Judgment affirmed.

STEPHAN, and CRANE, JJ., concur.