ST. JOHN'S BANK & TRUST COMPA-
NY, Plaintiff/Respondent/Cross-Ap-
pellant,

v.

INTAG, INC., Defendant/Appellant/Cross-
Respondent.

Nos. 69462 & 69515.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 11, 1997.

Wilke & Wilke, Dean R. Gallego, Clayton, for Appellant.

Lewis, Rice & Fingersh, L.C., David L. Coffman, Benjamin A. Lipman, St. Louis, for Respondent.

HOFF, Judge.

Intag, Inc. (Intag) appeals from a judgment entered on a jury verdict totalling $67,-684.31 in favor of St. John's Bank & Trust Company (St.John's) on its breach of warranty claim. St. John's appeals the trial court's denial of a motion to amend the judgment to include prejudgment interest. We affirm.

Pursuant to an agreement between the parties, Intag installed an Uninterruptible Power Supply (UPS) system for the computers at St. John's on the Saturday of Presi-dent's Day weekend in February, 1991. The UPS permits the computers to continue functioning through battery backup when the usual power source for the computers is unavailable. Wiring was crossed during the installation, resulting in damage to certain parts of St. John's computer system. In order to have the computers functioning by the next business day on Tuesday, St. John's obtained and installed replacements for the damaged parts over the weekend. The total cost to St. John's for these parts and the services to repair or replace them was $67,-684.31. That total includes $500.00 for the services of a St. John's employee who remained available throughout the weekend. By letter dated March 13, 1991, St. John's advised Intag of these costs.

When Intag did not pay the costs incurred, St. John's filed a lawsuit seeking monetary relief, including prejudgment interest, from Intag for the damage sustained as a result of the crossed wiring. At trial, Intag argued that the proper measure of damages was the difference in the fair market value of the equipment before and after the incident; and objected to the trial court's submission of a modified MAI 4.01 [1980 Revision][1] as the damage instruction. Intag's expert, an electrical engineer whose company was hired by Intag's insurer, United Fire & Casualty Company (United Fire), opined the damage could be repaired with refurbished parts within one to two days for a total of approximately $18,300.00. After the jury began its deliberations on St. John's breach of warranty claim, Intag unsuccessfully moved for a mistrial based on references St. John's counsel had made to United Fire. The jury awarded St. John's a total of $67,684.31 and judgment was entered in accordance with that verdict. The trial court thereafter denied St. John's motion to amend judgment to include prejudgment interest at the statutory interest rate, and Intag's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. This appeal followed.

---

1. MAI refers to Missouri Approved Instructions adopted and promulgated by the Supreme Court of Missouri.

In its first point on appeal, Intag contends the trial court erred by using MAI 4.01 to instruct the jury on damages, because MAI 4.02 [1980 Revision] should be used in a case involving property damage only. A damage award will be reversed if an instructional error prejudiced the defendant. *Strebler v. Rixman,* 616 S.W.2d 876, 878–79 (Mo. App.1981). Where an MAI instruction is applicable, "its use is mandatory and failure to do so is presumed prejudicial." *Pace Props., Inc. v. American Mfrs. Mut. Ins. Co.,* 918 S.W.2d 883, 887 (Mo.App.1996). The question is whether MAI 4.01 or MAI 4.02 is applicable under the circumstances of this case.

In general, MAI 4.01 is used when personal and property damage is involved, whereas MAI 4.02 is used in cases involving property damage only. *Id.* The measure of damages in MAI 4.02 is "the difference between fair market value before and after the occurrence plus compensation for loss of use." *Stegan v. H.W. Freeman Constr. Co.,* 637 S.W.2d 794, 798 (Mo.App.1982). Where plaintiff seeks "consequential damages caused by defendant's breach of warranty," MAI 4.02 is inapplicable because it "does not correctly state the rule for the recovery of consequential damages." *Crank v. Firestone Tire & Rubber Co.,* 692 S.W.2d 397, 402 (Mo.App.1985).

The plaintiff in *Crank* brought an action for breach of the warranty of workmanlike performance due to defendant's improper installation of an oil filter in plaintiff's car. The *Crank* court concluded that a plaintiff in a breach of warranty case arising out of the performance of a service may recover consequential damages. *Id.* Such damages are those "damages naturally and proximately caused by the commission of the breach and . . . those that could have been reasonably contemplated by the defendant at the time of agreement." *Id.* When such damages are sought, the court held, MAI 4.01, modified to "provide for damages that were reasonably contemplated by the defendant at the time it warranted its work," is the applicable instruction. *Id.* at 403.

Here, the challenged Instruction Number 6 states:

If you find in favor of plaintiff [St. John's] then you must award plaintiff such sum as will fairly and justly compensate plaintiff for any damage you believe it sustained as a direct result of the electrical shorting that occurred on February 16, 1991 which defendant [Intag] should have reasonably expected at the time of defendant's work at plaintiff's bank.

This instruction closely follows MAI 4.01 while including a modification at the end to encompass damages "reasonably expected" by Intag at the time Intag performed its services. Thus, the instruction falls within *Crank.* This instruction was proper because St. John's sought recovery and provided evidence of expenses proximately related to the property damage, specifically the cost for one of its employees who worked through the weekend which enabled the repair and replacement work on St. John's computers to be completed by the next business day. The use of MAI 4.02 was not required in this case. Rather, the modified MAI 4.01 was proper under the circumstances. Point denied.

In its second point on appeal, Intag contends the trial court erred in denying Intag's motion for mistrial due to repeated references by St. John's counsel to Intag's insurance provider, United Fire. Intag argues the references improperly conveyed to the jury that the insurer, rather than Intag, would pay any amount awarded.

The only mistrial request Intag made with respect to references to insurance was presented to the trial court orally after the jury began its deliberations. St. John's counsel began his rebuttal closing argument with the following statements:

MR. WILKE: Mr. Intag is paying for this? Where is he? Does he have interest in this? It's certainly not showing. Why isn't he concerned? This is what United Fire wants to have happen. They get Mr. Seter to do just exactly what he does. Not just this case, but all the cases. And maybe he does it for all the insurance companies that he has listed on that form. All those companies that he holds himself out to be an insurance expert. United

Fire just wants him to give them something to knock it down, knock down their claim.

The trial court then granted Intag's request to approach the bench. At the bench, the court sustained Intag's objections to St. John's references to the insurance company. Intag requested no further relief at that time. St. John's counsel proceeded to conclude his closing argument and the jury began its deliberations. Intag's counsel then orally requested "a mistrial based on the references to and innuendoes regarding insurance in the closing argument." The trial court denied that request.

■ Intag's request for mistrial may not now be a basis for relief because it was not timely.

[A] request for a mistrial based on improper closing argument comes too late where it is not requested at the time the objection is made.... The request is waived if it is not made at the time of the improper statements or by proceeding with the trial in a manner inconsistent with the object of the request.

\* \* \*

[F]ailure to make a timely request for further relief when an objection has been sustained may be deemed a waiver or abandonment of further remedial relief.

*McMillin v. Union Elec. Co.*, 820 S.W.2d 352, 355 (Mo.App.1991) (citations omitted). Similarly, in *Welch v. Burlington N. R.R. Co.*, 807 S.W.2d 226 (Mo.App.1991), this Court concluded defendant implicitly decided the improper argument did not require drastic action because defendant failed to request a mistrial at the time of the alleged impropriety. *Id.* at 228.

These principles apply here. There was sufficient opportunity for·Intag to present a request for mistrial during the bench conference conducted when the trial court considered and sustained Intag's objections to the closing argument. Nothing of record indicates Intag was foreclosed from seeking a mistrial at that time. Under the circumstances, the fact Intag waited until the closing argument concluded and the jury began

its deliberations to seek a mistrial constitutes abandonment or waiver of that remedy. Point denied.

■ In its sole point on appeal, St. John's contends the trial court erred by denying St. John's post-trial motion to amend judgment to include prejudgment interest.

■ "An allowance of interest must be based upon either a statute or a contract, express or implied." *Denton Constr. Co. v. Missouri State Highway Comm'n*, 454 S.W.2d 44, 59 (Mo.1970). St. John's relies on § 408.020 RSMo 1994 as the basis for an award of prejudgment interest. That statute provides:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

§ 408.020 RSMo 1994.

■ Under the statute, prejudgment interest is "awarded whenever the amount due is liquidated or, if not strictly liquidated, readily ascertainable by reference to recognized standards." *Dierker Assocs., D.C., P.C. v. Gillis*, 859 S.W.2d 737, 746 (Mo.App. 1993). Prejudgment interest is not awarded in cases where the measure of damages is not clear. *Fohn v. Title Ins. Corp.*, 529 S.W.2d 1, 5 (Mo. banc 1975).

Since this lawsuit began the parties have disputed which measure of damages is applicable. St. John's successfully argued that it was the reasonable value of costs incurred and services rendered to replace the damaged equipment with new components before the next business day. Intag unsuccessfully urged the proper measure was the fair market value of the damaged items immediately before and immediately after the incident. Because the measure of damages was uncertain, § 408.020 RSMo 1994 was not applica-

ble. Therefore, St. John's point on appeal is denied.

Judgment affirmed.

CRAHAN, P.J. and GRIMM, J., concur.