**KOZENY WAGNER, INC., Appellant,**

v.

**SIMPLEX GRINNELL, LP, Respondent.**

**No. ED 94157.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 14, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 26, 2010.

Application for Transfer Denied March 1, 2011.

---

1. All statutory references are to RSMo (2000) unless otherwise noted.

James C. Owen, Chesterfield, MO, for appellant.

John S. Sandberg, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Kozeny Wagner appeals the circuit court's summary judgment denying prejudgment interest on Kozeny's damages for breach of contract by Simplex Grinnell. We affirm.

## Background

Kozeny and Simplex were parties to a construction subcontract agreement pursuant to which Simplex, as subcontractor, was to install a fire protection system for Kozeny, as general contractor, on a construction project involving a residential hall at the University of Missouri–St. Louis (UMSL). Within a year after Simplex installed the sprinkler pipes, multiple leaks caused extensive damage to the building. An inspection revealed that Simplex had used a solvent that caused the pipes to weaken, crack, and eventually rupture. Kozeny incurred $724,066.12 in repairs to the building and reparations to UMSL.[1] This amount does not include the costs of replacing the fire protection system furnished pursuant to the subcontract agreement.

Kozeny filed suit alleging that Simplex had breached the parties' subcontract agreement by performing its work in a defective manner. The parties entered into a settlement agreement pursuant to which Simplex agreed to pay Kozeny's actual damages ($724,066.12) minus an out-

---

1. An itemization of Kozeny's repair expenditures, contained in the record, includes entries for water extraction, cleaning, dumpsters, mold testing, drywall, ceiling tiles, duct work, electrical work, flooring, telecommunications work, painting, equipment rental, and miscellaneous materials, clean-up, and repairs, all necessitated by the bursting of eroded sprinkler pipes installed by Simplex. The itemization also contains a line item for a direct payment from Kozeny to UMSL for damages to the personal property of UMSL and its students.

standing receivable owed to Simplex ($46,-696.53) for a total of $677,372.59. The parties did not resolve, however, the matter of whether prejudgment interest was recoverable on that amount pursuant to section 408.020 RSMo. Kozeny asserted its claim for prejudgment interest before the trial court, and Simplex moved for partial summary judgment seeking to preclude it. The trial court granted Simplex's motion without comment, and this appeal followed.

## Standard of Review

Appellate review of summary judgment is *de novo*, viewing the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.1993).

## Discussion

 "Prejudgment interest serves at least two purposes: (1) it helps compensate plaintiffs for the true cost of money damages they have incurred, and (2) where liability and the amount of damages are fairly certain, it promotes settlement and deters an attempt to benefit unfairly from the inherent delays of litigation." *Twin River Const. Co., Inc. v. Public Water Dist. No. 6*, 653 S.W.2d 682, 695 (Mo.App. 1983). Section 408.020 allows creditors to recover interest at a rate of nine percent "when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made." A party is entitled to prejudgment interest on damages for breach of contract if the amount is liquidated or readily ascertainable by reference to recognized standards. *Midwest Asbestos Abatement Corp. v. Brooks*, 90 S.W.3d

480, 486 (Mo.App. E.D.2002). This rule is grounded on the premise that, if the person liable does not know the amount he owes, he should not be considered in default because of his failure to pay. *Hernandez v. Westoak Realty & Inv., Inc.*, 771 S.W.2d 876, 882 (Mo.App.1989). "The award of prejudgment interest in a case in which section 408.020 is applicable is not a matter of court discretion." *Baris v. Layton*, 43 S.W.3d 390, 398 (Mo.App.2001). "When the damages for a claim of breach of contract are fixed or readily ascertainable and a sufficient demand is made, Missouri law compels the award of prejudgment interest." *Trinity Products, Inc. v. Burgess Steel L.L.C.*, 486 F.3d 325, 335 (8th Cir.2007).

 Kozeny asserts that the trial court erred in denying its claim for prejudgment interest because it met the statutory requirements in that: its claim was based on a written contract where no other rate was agreed upon; the amount of damages was liquidated; and the amount became due and payable when Kozeny demanded payment.[2] Simplex concedes that the amount is liquidated and demand for payment was made but denies that the amount is "due and payable on" the parties' subcontract agreement.

In essence, the parties dispute the meaning of the word "on" in the statutory language "on written contracts." Kozeny interprets "on" to mean "resulting from" the parties' agreement, while Simplex interprets "on" to mean "pursuant to" the document. Our research compels the conclusion that Simplex states the traditional view. Restatement 2nd Contracts § 354 explains the general principle:

---

2. For purposes of calculating prejudgment interest, an obligation becomes due and payable, and thus interest begins to accrue, after

demand for payment is made. *Watters v. Travel Guard International*, 136 S.W.3d 100, 111 (Mo.App.2004).

Interest is recoverable for the non-payment of money once payment has become due and there has been a breach. This rule applies to debts due for money lent, goods sold or services performed, including installments due on a construction contract. The sum due is sufficiently definite if it is ascertainable from the terms of the contract, as where the contract fixes a price per unit of performance, even though the number of units performed must be proved and is subject to dispute. The same is true, even if the contract does not of itself create a money debt, if it fixes a money equivalent of the performance. It is also true, even if the contract does not fix a money equivalent of the performance, if such an equivalent can be determined from established market prices.

In the building construction context, a claim for prejudgment interest typically accompanies a contractor's demand for payment for work performed, and the availability of interest hinges primarily on whether the amount owed was liquidated and occasionally on whether or when sufficient demand for payment was made.[3] Nationwide, a voluminous body of law illustrates this scenario, and Missouri cases are in accord. For example, in *Burger v. Wood,* 446 S.W.2d 436 (Mo.App.1969), a contractor was entitled to prejudgment in-

terest on amounts due for work it performed for homeowners. In *Jerry Bennett Masonry v. Crossland Const.,* 171 S.W.3d 81 (Mo.App.2005), a subcontractor was entitled to prejudgment interest on amounts due for work it performed for the general contractor. In *Bolivar Insulation Co. v. R. Logsdon Builders, Inc.,* 929 S.W.2d 232 (Mo.App. S.D.1996), a contractor was entitled to prejudgment interest on amounts due for additional work necessitated by changes in the architectural plans and performed for homeowners under the contract. In *Denton Const. Co. v. Missouri State Highway Commission,* 454 S.W.2d 44 (Mo.1970), a contractor was entitled to prejudgment interest on amounts owed for additional work performed beyond the scope of the parties' agreement and deemed due "on account." Here, by contrast, Kozeny seeks interest not on amounts owed as payment for work performed under the contract, or even as reimbursement of payments to Simplex as consideration for the work under the contract, but rather on its consequential damages from Simplex's defective performance. Although a handful of Missouri cases presume, without deciding, the availability of prejudgment interest on consequential damages resulting from a breach in performance provided that such damages are liquidated,[4] those cases resolve

---

**3.** For a survey on prejudgment interest in breach of construction contract cases, see 60 A.L.R.3d 487.

**4.** See *A.G. Edwards & Sons, Inc. v. Drew,* 978 S.W.2d 386 (Mo.App.1998) (awarding prejudgment interest on consequential damages in the form of medical payments not covered by insurance policy due to insurance broker's mistake); *Iota Management Corp. v. Boulevard Inv. Co.,* 731 S.W.2d 399 (Mo.App.1987) (awarding prejudgment interest on consequential damages incurred as a result of latent building defects); *Killian Const. Co. v. Tri–City Const. Co.,* 693 S.W.2d 819 (Mo.App.

1985) (implying the availability of prejudgment interest on plaintiff's consequential damages in the form of interest on a loan that it was forced to obtain to meet its obligations due to defendant's failure to perform, though ultimately awarding none because plaintiff failed to request it); *General Ins. Co. v. Hercules Constr. Co.,* 385 F.2d 13 (8th Cir.1967) (denying prejudgment interest on damages in the form of extra costs incurred as a result of subcontractor's breach in performance because the amount was unliquidated); *Children Intern. v. Ammon Painting Co.,* 215 S.W.3d 194 (Mo.App.2006) (denying prejudgment interest on consequential damages be-

specific questions of liquidation or sufficiency of demand and do not squarely present the issue now before this court as to the meaning and scope of "due and payable on written contracts" under section 408.020. On that issue we follow the traditional view and Missouri precedent that prejudgment interest is recoverable on moneys due pursuant to the terms of the contract but not for consequential damages resulting from breach of the contract.

## Conclusion

The judgment of the circuit court is affirmed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., concur.

cause they were not liquidated and demand was insufficient); *St. Johns Bank & Trust Co. v. Intag Inc.*, 938 S.W.2d 627 (Mo.App.1997) (denying prejudgment interest on plaintiff's consequential damages for breach of warranty because they were unliquidated); and *Ken Cucchi Const., Inc. v. O'Keefe*, 973 S.W.2d 520 (Mo.App.1998) (denying interest on plaintiff's consequential damages for defective workmanship because they were unliquidated).